UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

WILLIAM GLEN RICKARD,                                6:14-cv-01501-SU

       Petitioner,                          FINDINGS AND
                                                   RECOMMENDATION
   V.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,

       Respondent.

---

SULLIVAN, Magistrate Judge.

    Petitioner William Glen Rickard filed a petition under 28 U.S.C. § 2254 alleging that defendant Oregon Board of Parole and Post-Prison Supervision[1] ("Board") exceeded the judgment of the sentencing court in calculating petitioner's post-prison

---

[1] Also called Board of Parole and Probation.

1 - FINDINGS AND RECOMMENDATION

supervision. For the reason stated below, his petition should be denied.

## BACKGROUND

Petitioner is under the prison supervision of Jefferson County Community Corrections pursuant to a judgment from the Jefferson County Circuit Court after convictions for one count of Attempted Rape in the First Degree, two counts of Attempted Rape in the Second Degree, one count of Sodomy in the First Degree, one count of Sodomy in the Second Degree, two counts of Sexual Abuse in the First Degree, and one count of Delivery of a Controlled Substance to a Minor.  Resp. Ex. 101 (Doc. #25-1). The court imposed a combination of concurrent and consecutive sentences with the intention that the sentence total 210 months of imprisonment, and varying terms of post-prison supervision, the longest of which was 20 years. *Id.*  As relevant here, on petitioner's conviction for Sodomy I (Count 4), the court imposed a sentence of 96 months (or 8 years) of incarceration, and a 20-year term of post-prison supervision, "minus time actually served pursuant to ORS 144.103."[2] *Id.* at 2.

Petitioner was released to post-prison supervision on October

---

[2] Under ORS 144.103, a person convicted of Sodomy I, "shall serve a term of post-prison supervision that continues until the term of post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."  The maximum statutory indeterminate sentence for Sodomy I, a Class A Felony, is 20 years. ORS 163.405; ORS 161.605.

15, 2010. Resp. Ex. 103, at 32 (Doc. #25-1). In its order, the Board explained that with respect to petitioner's sentence on the Sodomy I conviction: "The minimum active supervision period shall be 147 months, or to the sentence expiration date." *Id.*

Petitioner challenged the Board's calculation of the term of post-prison supervision imposed on his conviction for Sodomy I, arguing that the Board failed to take into account the time he served in prison on all of his other convictions. Petitioner sought administrative review, but the Board denied relief. Resp. Ex. 103, at 32-46 (Doc. #25-1). The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp. Exs. 108, 109 (Doc. #25-1).

Petitioner filed a petition under 28 U.S.C. § 2254 alleging two grounds for relief:

> **Ground One:** Post-prison supervision, as determined by Oregon Board of Parole, exceeds circuit court judgment order.
>
> **Supporting facts:** On page 9 of judgment order the circuit court for the county of Jefferson states "It is the court's intent that the sentence total 210 months."
>
> **Ground two:** Post prison supervision exceeds the statutory indeterminate sentence by not starting the Post prison supervision until released from prison on all counts.
>
> **Supporting facts:** I was sentenced to 240 months of post-prison supervision less time served. I served the time for the charge and then I was required to stay in prison for the next charge. I was released after completing all the charges for prison time. Parole says "your pps term did not begin to run

3 - FINDINGS AND RECOMMENDATION

until you were released from prison on all counts." Pet.(#2)at 5-8.

Respondent contends that petitioner has failed to state a claim cognizable under 28 U.S.C. § 2254 because he has not alleged that he is "in custody in violation of the Constitution or laws or treaties of the United States." Answer (#24) at 2.

## LEGAL STANDARD

Under 28 U.S.C § 2254(a), federal courts may entertain applications for writs of habeas corpus by state prisoners "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." It is well settled that "'state courts are the ultimate expositors of state law,' and [federal courts] are bound by the [state court's] construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue..." *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (*citing Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *see also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)(*per curiam*) (*citing Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations of state-law questions")). Rather, "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of [federal] constitutional dimension." *Wainwright v. Goode*, 464 U.S. 78, 83 (1983) (*citing Engle v. Issac,* 456 U.S. 107 (1982)).

4 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

In this case, petitioner argued before the Oregon appellate courts that the Board had misinterpreted ORS 144.103 and other Oregon Administrative Rules in calculating his term of post-prison supervision. He acknowledged that his arguments had been rejected by the Oregon Court of Appeals in *Norris v. Bd. of Parole & Post-Prison Supervision,* 238 P.3d 994 (Or. Ct. App. 2010), *rev. denied,* 250 P.3d 922 (Or. 2011)and *Delavega v. Board of Parole and Post-Prison Supervision,* 194 P.3d 159 (Or. Ct. App. 2008), but argued that those decisions should be reconsidered.

In this proceeding, petitioner makes the same arguments rejected by the Oregon courts. The Oregon appellate court's interpretation of *Norris* and *Delavega* are controlling of the state law sentencing issue and not subject to review in this proceeding.

Furthermore, petitioner has not alleged a federal basis on which to challenge the Board's calculation of the duration of his post-prison supervision.

In his Brief in Support(Doc. #29) petitioner argues that the term of post-prison supervision violated the Eighth Amendment's prohibition against cruel and unusual punishment. However, an Eighth Amendment claim was not alleged in his petition and that issue is not properly before the court. *See* Rules Governing § 2254 Cases, Rule 2(c), 28 U.S.C. foll. § 2254(requiring that a petition for habeas corpus "specify all the grounds for relief that are

5 - FINDINGS AND RECOMMENDATION

available to the petitioner"); *see also Green v.Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (claims not raised in the petition need not be considered).

Even if petitioner had alleged an Eighth Amendment claim in his petition, the claim would be procedurally defaulted because petitioner did not raise a similar claim in any state-court proceeding.

Petitioner's Petition (Doc. #2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

6 - FINDINGS AND RECOMMENDATION

recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this _4th_ day of September, 2015.

                                             /s/ *Patricia Sullivan*
                                                 Patricia Sullivan
                                      United States Magistrate Judge